**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| Evelyn Anahi Espino | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| | § | |
| Joseph B. Edlow, Director of USCIS, | § | |
| U.S. Department of Homeland Security, | § | |
| U.S. Citizenship and Immigration Services, | § | |
| *Defendants.* | § | |

**CIVIL ACTION FOR DECLARATORY JUDGMENT RECOGNIZING**
**UNITED STATES CITIZENSHIP**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Evelyn Anahi Espino, Plaintiff, and files this Civil Action for Declaratory Judgment Recognizing United States Citizenship, pursuant to 8 U.S.C. § 1503(a) and would show the court the following:

**I. Jurisdiction and Venue**

1. Jurisdiction herein is laid under 28 U.S.C. §1331 (federal question) with 8 U.S.C. §1503(a) (denial of rights and privileges as a National). The denial of the validity of Plaintiff's birth certificate, and by extension her jus soli citizenship, as well as the denial of her United States citizenship based on allegations that she was not born in the United States, constitutes a denial of rights and privileges owed to United States citizens. Therefore, this action is cognizable under 8 U.S.C. §1503(a).

2. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Southern District of Texas as essential parties reside in this District and a substantial part of the events alleged occurred here.

## II. The Parties

3. Plaintiff Evelyn Anahi Espino is a native-born United States citizen. She possesses an official birth certificate issued by the State of Texas. Plaintiff was born on December 4, 1995 (see Exhibit "A" incorporated herein). She has never renounced her allegiance to the United States nor her U.S. citizenship. Evelyn Anahi Espino currently resides in Donna, Texas, within the jurisdiction of this Court.

4. Defendant Joseph B. Edlow is the Director of U.S. Citizenship and Immigration Services (USCIS), an agency of the Department of Homeland Security, and, in that capacity, is responsible for the administration and enforcement of the immigration laws of the United States, including the adjudication of applications and petitions arising thereunder.

5. Defendant, United States Department of Homeland Security, is a federal executive department of the United States government generally charged with the administration and enforcement of the immigration laws of the United States, including oversight of United States Citizenship and Immigration Services, with certain specific exceptions not relevant here.

6. Defendant, United States Citizenship and Immigration Services (USCIS), is an agency of the United States Department of Homeland Security generally charged with the administration and adjudication of immigration benefits and petitions, including the adjudication of family-based immigrant visa petitions, with certain specific exceptions not relevant here.

## III. Facts

7. Plaintiff Evelyn Anahi Espino was born on December 4, 1995. Plaintiff maintains that she was born in Hidalgo, Hidalgo County, Texas, at a maternity facility known as San Jose Maternity Care. Her birth was attended by midwife Gabriela Vega, and shortly thereafter

her birth was registered with the State of Texas. The Texas Department of State Health Services issued an official Texas Certificate of Birth reflecting that Plaintiff was born in Hidalgo, Hidalgo County, Texas on December 4, 1995. The birth certificate identifies her parents as Yolanda Elizondo and Elias Espino.

8. Throughout her life Plaintiff has relied upon this official Texas birth certificate as proof of her United States citizenship. Plaintiff has lived continuously in the United States and has conducted her affairs as a citizen of the United States. At various times Plaintiff has also been issued United States passports by the United States Department of State, further reflecting governmental recognition of her claim to United States citizenship.

9. On February 23, 2023, Plaintiff filed a Form I-130 Petition for Alien Relative with United States Citizenship and Immigration Services on behalf of her spouse, seeking to classify him as the immediate relative of a United States citizen. During the adjudication of that petition, USCIS questioned Plaintiff's claim of United States citizenship based upon information suggesting that a birth record also exists in Mexico reflecting the birth of a child bearing the same name.

10. In communities along the United States–Mexico border it is not uncommon for families to register the birth of a child in both countries for cultural, familial, or administrative purposes. Such dual registrations may occur even when the child was born in the United States, particularly where one or both parents maintain family ties in Mexico. Consequently, the existence of a Mexican civil birth registration reflecting the birth of a child bearing the same name does not establish that the child was born in Mexico, nor does it invalidate a birth certificate issued by the State of Texas reflecting a United States birthplace. Rather, the existence of inconsistent civil records creates a factual dispute regarding the location of birth that must be resolved through a de novo determination by this Court.

11. According to USCIS, the Mexican birth record originally reflected that a child named Evelyn Anahi Espino Elizondo was born at the PEMEX Hospital in Reynosa, Tamaulipas, Mexico. USCIS further asserted that the Mexican birth record was later amended to reflect Hidalgo, Texas as the place of birth. USCIS conducted inquiries with the PEMEX hospital in Reynosa, Tamaulipas and obtained information indicating that Plaintiff's mother, Yolanda Elizondo Flores, received medical care at that hospital in December of 1995 in connection with the birth of a female child.

12. Based on this information, USCIS concluded that Plaintiff had not established that she was born in the United States. USCIS therefore determined that Plaintiff had not demonstrated that she was a United States citizen and consequently denied the Form I-130 petition on the ground that the petitioner had not established eligibility to file the petition as a United States citizen. Through this determination USCIS effectively denied Plaintiff the right and privilege of recognition as a citizen of the United States.

### IV. Causes of Action

13. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein. Plaintiff asserts that she was born within the United States and therefore acquired United States citizenship at birth pursuant to the Fourteenth Amendment to the United States Constitution.

14. Defendants, acting through United States Citizenship and Immigration Services, have denied Plaintiff a right and privilege as a national of the United States by determining that Plaintiff has not established that she is a United States citizen and by denying the immigration petition she filed in that capacity. As a result of this determination Plaintiff has been deprived of rights and privileges claimed as a citizen of the United States within the meaning of 8 U.S.C. §1503(a).

15. Because Defendants have determined that Plaintiff failed to establish that she is a citizen of the United States and have denied her the right and privilege of recognition as such, Plaintiff is entitled under 8 U.S.C. §1503(a) to seek a judicial determination of her citizenship. In such proceedings the district court determines citizenship de novo and is not bound by the administrative findings of the agency.

## V. Prayer for Relief

WHEREFORE, it is respectfully requested that in view of the above, this Honorable Court grant the following relief:

(1) Assume jurisdiction over the matter;

(2) Issue such order as may be appropriate under 8 U.S.C. § 1503(a);

(3) Declare Plaintiff's Texas birth certificate valid pursuant to 8 U.S.C. § 1503(a);

(4) Further declare that Plaintiff was born in Texas and is therefore a U.S. citizen;

(5) Award attorney's fees and costs as appropriate;

(6) Grant such further relief as the Court deems reasonable and just.

Respectfully submitted,

Matulewicz & Associates, P.C.
521 S Broadway St
McAllen, TX 78501-4929
Tel: (956) 972-0330
Fax: (956) 972-0353

By: */s/ Anthony Matulewicz*
Anthony Matulewicz
State Bar No. 13234358
Federal bar Number: 15710
anth@matulewicz.com

## VERIFICATION

I, Evelyn Anahi Espino, hereby certify that I am familiar with the record in the above case and that the above stated facts are true and correct to the best of my knowledge and belief on this Monday, March 16, 2026.

_Evelyn Espino_

Evelyn Anahi Espino

# Exhibit "A"



# STATE OF TEXAS
## CERTIFICATION OF VITAL RECORD

## CITY OF HIDALGO, TEXAS

**STATE OF TEXAS** — **CERTIFICATE OF BIRTH** — **BIRTH NUMBER**

| NEWBORN | 1. Name First: Evelyn | Middle: Anahi | Last: Espino | 2. Date of Birth: 12-4-95 | 3. Sex: FEMALE |
|---|---|---|---|---|---|

| 4a. Place of Birth - County: Hidalgo | 4b. City or Town (If outside city limits, give precinct no.): Hidalgo, Texas | 5. Time of Birth: 8:31 A.M. | 6a. Plurality - Single, Twin, Triplet, etc: Single | 6b. If Plural Birth, Born 1st, 2nd, 3rd, etc. _____ |
|---|---|---|---|---|

7a. Place of Birth ☐ Clinic / Doctor's Office ☒ Licensed Birthing Center ☐ Hospital ☐ Residence ☐ Other (Specify): — 7b. Name of Hospital or Birthing Center (If Not Institution, Give Street Address): San Jose Maternty

**ATTENDANT/ CERTIFIER**

8a. Attendant's Name and Mailing Address:
Gabriela Vega
224 S. Bridge
Hidalgo, Texas 78557

9a. Certifier - I certify that this child was born alive at the place and time and on the date as stated.
Signature and Title — 12-14-95 Date Signed

8b. ☐ MD ☐ DO ☐ CNM ☒ Midwife ☐ Other (Specify): — 9b. ☒ Attendant ☐ Facility Administrator / Designee ☐ Other (Specify):

**MOTHER**

| 10. Name First: Yolanda | Middle: | Maiden Surname: Elizondo | 11. Date of Birth: 4-5-69 | 12. Birthplace (State or Foreign Country): Mexico |
|---|---|---|---|---|

| 13a. Residence - State: Tamps | 13b. County: Mexico | 13c. City or Town: Reynosa | 13d. Street Address or Rural Location: Rio Sabinas 1700 |
|---|---|---|---|

13e. Inside City Limits ☒ Yes ☐ No — 14. Mother's Mailing Address (If Same As Residence, Enter Zip Code Only): SAME

**FATHER**

| 15. Name First: Elias | Middle: | Last: Espino | 16. Date of Birth: 12-6-68 | 17. Birthplace (State or Foreign Country): Mexico |
|---|---|---|---|---|

**REGISTRAR**

| 18a. Registrar's File Number: 13-225-95 | 18b. Date Received by Local Registrar: 12-14-95 | 18c. Signature of Local Registrar |
|---|---|---|

CONFIDENTIAL INFORMATION FOR MEDICAL AND PUBLIC HEALTH USE . THE FOLLOWING INFORMATION WILL NOT BE SHOWN ON CERTIFIED COPIES

CONTROL NO.

8210



THIS IS TO CERTIFY THAT THIS IS A TRUE AND CORRECT REPRODUCTION OF THE ORIGINAL RECORD AS RECORDED IN THIS OFFICE. ISSUED UNDER AUTHORITY OF SECTION 191.051, HEALTH AND SAFETY CODE.

01-11-2013

DATE ISSUED:

JOE VERA III, LOCAL REGISTRAR

